IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA R. EMBRY-HAMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 6165 |
| | ) | |
| | ) | |
| CHICAGO PUBLIC SCHOOLS and | ) | |
| ARNE DUNCAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Chicago Public Schools' ("CPS") and Defendant Arne Duncan's ("Duncan") partial motion to dismiss and in the alternative for a more definite statement. For the reasons stated below, we grant the partial motion to dismiss and deny the motion for a more definite statement as moot.

## BACKGROUND

Plaintiff Lisa R. Embry-Hampton ("Hampton") alleges that she began working for CPS in March 1999. According to Hampton, during her employment with CPS she was subjected to discrimination that was "afflicted by her supervisors upon her." (Compl. Par. 13). Hampton alleges that CPS failed to accommodate her

1

disability, failed to stop harassment against her, that she was unfairly disciplined at work, and also that her employment was ultimately improperly terminated. Hampton finally alleges that she was harassed and discriminated against because of her race, color, and disability. Hampton also alleges that CPS retaliated against her because she complained about the alleged harassment and discrimination. Hampton brought the instant action and in her *pro se* complaint she indicates that she is bringing a claim alleging discrimination because of her color in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, a claim alleging discrimination because of her color in violation of 42 U.S.C. § 1981 ("Section 1981"), a claim alleging a violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, a Title VII race discrimination claim, a Section 1981 race discrimination claim, a Title VII gender discrimination claim, and a claim alleging a violation of 42 U.S.C. § 1983 ("Section 1983").

Defendants move to dismiss the Title VII gender discrimination claim. Defendants also move to dismiss the Title VII race and color discrimination claims, the ADA claim against Duncan, and the Section 1981 claim against Duncan in his official capacity. Finally, Defendants move to dismiss the Section 1981 claim and the Section 1983 claim against CPS or move in the alternative for a more definite statement for paragraphs 9(b), 9(e), and 10 of the complaint.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action . . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements

3

comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

We first note that on March 28, 2006, we gave Hampton until April 11, 2006, to file an answer to Defendants' partial motion to dismiss. No answer was filed by Hampton and, thus, she has not contested Defendants' motion or any of Defendants' arguments.

I. Title VII Gender Discrimination Claim

Defendants argue that the court should dismiss the gender discrimination claim because the claim is beyond the scope of the charge that Hampton filed with the Equal Employment Opportunity Commission ("EEOC"). Before bringing a Title

4

VII suit in federal court, a plaintiff must first file a timely charge with the EEOC alleging the same claims as those alleged in the complaint. *Babrocky v. Jewel Food Co.,* 773 F.2d 857, 863 (7th Cir. 1985)(stating that "[a] plaintiff must file a timely charge with the EEOC encompassing the acts complained of as a prerequisite to filing suit in federal court" and that "this requirement of timely filing a charge does not relate to subject matter jurisdiction"). The purpose of this requirement is to provide the employer with notice of the claim and to give the parties the opportunity to settle the issue without resorting to the courts. *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110 (7th Cir. 1992)(stating that "[f]irst, the party must file a charge with the EEOC within the period of time allotted by the statute" and "[s]econd, the Commission must issue a right to sue letter"). Accordingly, only claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations" may be brought in the federal court complaint. *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir. 1976)(internal quotations and citations omitted). A claim in a complaint is "like or reasonably related" to an EEOC charge if there is a factual relationship between the two and an EEOC investigation into the EEOC charge would likely reveal the claim made in the complaint. *Cheek v. Western & S. Life Ins.,* 31 F.3d 497, 500-01 (7th Cir. 1994). For a factual relationship to exist between a claim in the complaint and a claim in the EEOC charge, the claims "must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Id.* at 501 (emphasis in original).

In the instant action, Defendants argue that Hampton's EEOC charge did not mention gender discrimination. We agree. Hampton alleged in her EEOC charge the following: "I believe that I have been discriminated because of my race, Black, and my color, dark skinned, in violation of Title VII of the Civil Rights Act of 1964, as amended, and because of my disability, in violation of Title I of the Americans with Disabilities Act of 1990." (7/26/05 Charge). There is no mention in Hampton's charge with the EEOC of any action by Defendants against Hampton because of her gender. Defendants were not put on notice of her complaint regarding gender discrimination in the EEOC charge and thus were denied any opportunity to attempt to resolve such a claim while the charge was before the EEOC. In addition, a box is specifically provided on the EEOC charge form for gender discrimination. Hampton did not check that box, and there is no indication that a gender discrimination would grow out of the investigation on Hampton's other claims or that the gender discrimination is reasonably related to the other allegations of discrimination. In addition, Hampton did not file an answer to Defendants' motion to dismiss the gender discrimination claim. Therefore, based upon the above, we grant Defendants' motion to dismiss the gender discrimination claim.

## II. Title VII Claims and ADA Claims Against Duncan

Defendants argue that the Title VII claims and the ADA claims should be dismissed against Duncan because Duncan was not Hampton's employer. Title VII

prohibits discrimination and retaliation by an employer and "[i]t is by now well established in this court that 'a supervisor does not, in his individual capacity, fall within Title VII's definition of employer.'" *Sattar v. Motorola, Inc.,* 138 F.3d 1164, 1168 (7th Cir. 1998)(quoting in part *Williams v. Banning,* 72 F.3d 552, 555 (7th Cir. 1995)); 42 U.S.C. § 2000e-2(a); 42 U.S.C. § 2000e-3(a). The ADA also provides relief only for employer liability, not individual liability. *See Silk v. City of Chicago,* 194 F.3d 788, 797 n. 5 (7th Cir. 1999)(holding that a claim for individual liability against a supervisor "would fail, for the ADA provides only for employer, not individual, liability . . . [and that the] case law is clear that a supervisor cannot be held liable in his individual capacity under the ADA or under Title VII").

In the instant action, Hampton has not contested Defendants' contention that Duncan is not Hampton's employer, nor does Hampton allege in the complaint that Duncan was her employer. Therefore, we grant Defendants' motion to dismiss the Title VII and ADA claims brought against Duncan.

III. Section 1981 Official Capacity Claim Against Duncan

Defendants move to dismiss the Section 1981 claim against Duncan to the extent that it is brought against him in his official capacity. The Seventh Circuit has stated that a claim against a defendant in his official capacity "is the same as a suit against the entity of which the [defendant] is an agent." *DeGenova v. Sheriff of DuPage County,* 209 F.3d 973, 974-75 n. 1 (7th Cir. 2000). In the instant action,

Hampton does not contest Defendants' assertion that Duncan represents CPS in his official capacity. Since Hampton has named CPS as a Defendant, we find that the Section 1981 claim against Duncan in his official capacity is redundant. Therefore, we grant Defendants' motion to dismiss the Section 1981 claim brought against Duncan in his official capacity.

IV. Constitutional Claims Against CPS

Defendants argue that Hampton has not stated a proper Section 1981 claim or a Section 1983 claim against CPS because she has not alleged that any policy or custom caused the alleged misconduct. Defendants move to dismiss the Section 1981 and Section 1983 claims and move in the alternative for a more definite statement in regard to paragraphs 9(b), 9(e), and 10 of Hampton's complaint. In order to prevail on a Section 1981 claim or a Section 1983 claim against a public entity, a plaintiff must show that the constitutional violation was the result of a "an official policy or custom." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005); *Looper Maint. Serv. Inc. v. City of Indianapolis*, 197 F.3d 908, 913 (7th Cir. 1999)(stating that, as with a Section 1983 claim, a plaintiff "must 'show that the violation of his right to make contracts protected by § 1981 was caused by a custom or policy within the meaning of *Monell* and subsequent cases'")(quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735-36 (1989)).

In the instant action, Defendants correctly argue that there is no specific

reference in Hampton's complaint to an official policy or custom by CPS that resulted in the alleged constitutional violations. Hampton only makes a vague reference in her complaint to conduct by her supervisors, who are individual actors, and Hampton does not allege that such conduct by those actors was the result of an official policy or custom. The Seventh Circuit has held that "[t]he law does not require [a plaintiff] to plead any legal theories," and especially in regard to a *pro se* complaint, a court "should ask whether any set of facts consistent with the complaint would give [the plaintiff] a right to recover, no matter what the legal theory." *Small*, 398 F.3d at 898(affirming dismissal of *pro se* complaint). However, the Seventh Circuit has also held that if a *pro se* plaintiff only alleges "that various individual actors deprived him of his rights," and "fails to allege that any official policy caused his injuries," then the plaintiff's claims against a public entity "must fail." *Id.* Hampton has not alleged that any official policy or custom caused the alleged constitutional violations, and therefore, we grant Defendants' motion to dismiss the Section 1981 claim and the Section 1983 claim against CPS and deny Defendants' motion for a more definite statement as moot.

**CONCLUSION**

Based on the foregoing analysis, we grant Defendants' motion to dismiss the Title VII gender discrimination claim, the Title VII race and color discrimination claims brought against Duncan, the ADA claim brought against Duncan, the Section 1981 claim brought against Duncan in his official capacity, and the Section 1981 claim and the Section 1983 claim brought against CPS. We deny the motion for a more definite statement as moot.

```
                            _____
                            Samuel Der-Yeghiayan
                            United States District Court Judge
```

Dated:   May 1, 2006